IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ALLEN,

*Plaintiff*,

v.

CORT TRADE SHOW
FURNISHINGS, *et al.*,

*Defendants*.

Civil Action No. ELH-19-2859

## MEMORANDUM

In this employment discrimination case, John Allen, the self-represented plaintiff, filed suit on September 30, 2019, against Cort Trade Show Furnishings ("CORT")[1] and One Stop Staffing Inc. ("One Stop"). ECF 1 (the "Complaint"). On November 4, 2019, Allen amended his Complaint to add Berkshire Hathaway Inc. ("Berkshire Hathaway") as a defendant. ECF 8 (the "Amended Complaint"). Allen alleges that, by failing to promote him and by terminating him, defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq. ECF 1 at 4-5. He also alleges that he was subjected to retaliation. *Id.* at 5.

One Stop Staffing, LLC answered the Complaint.[2] ECF 27. The other defendants moved to dismiss. ECF 12 ("CORT Motion"); ECF 21 ("Berkshire Hathaway Motion"). In particular,

---

[1] The docket reflects that Allen has sued "Cort Trade Show Furnishings." But, Allen also refers to the defendant as "Cort Trade Show Furniture" and "Cort Business Services." *See*, *e.g.*, ECF 1 at 1, 3; ECF 4 at 1; ECF 5 at 2; ECF 10 at 1. Defendant identifies itself as "CORT Business Services Corporation." *See* ECF 12; ECF 12-1.

[2] The Clerk shall correct the name on the docket.

CORT moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party. ECF 12. Berkshire Hathaway moved to dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(6), asserting lack of personal jurisdiction, improper venue, and failure to state a claim. ECF 21. By Memorandum Opinion and Order of July 2, 2020, I denied the CORT Motion (ECF 12) and directed plaintiff to effect service on CORT within 30 days of the Order. ECF 34; ECF 35. However, I granted the Berkshire Hathaway Motion (ECF 21) and dismissed the suit as to Berkshire Hathaway. *Id.*

On August 3, 2020, CORT again moved to dismiss, pursuant to Fed. R. Civ. P 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party. ECF 38. The motion is supported by a memorandum of law. ECF 38-1 (collectively, the "Motion to Dismiss").

The docket does not reflect service of process on CORT pursuant to the Order of July 2, 2020. *See* Docket. Moreover, plaintiff has not responded to the Motion to Dismiss. *See* Docket.

On August 4, 2020, CORT's attorney submitted a letter to the Court, perhaps to assist plaintiff in understanding that Berkshire Hathaway is no longer a party to the case, and as such, does not need to be served with any pleadings or papers. ECF 40. Plaintiff responded to the letter on August 18, 2020, contending that Berkshire Hathaway's dismissal from this suit is "clearly a mistake that needs to be rectified." ECF 41. He also stated: "I will serve paperwork pertaining to this lawsuit on Berkshire Hathaway Inc. any time I damn well please in any way that suitsme [sic] which is my constitutional right to do so." *Id.* On September 1, 2020, CORT construed plaintiff's letter (ECF 41) as his opposition to the Motion to Dismiss and replied. ECF 44.

On August 18, 2020, plaintiff moved to vacate the "dismissal of the lawsuit against Berkshire Hathaway" and to include Berkshire Hathaway in the suit. ECF 42 ("Motion to

Reconsider"). In addition, plaintiff filed a "Petition Show Cause Order Cease and Desist." ECF 43 ("Cease and Desist Motion"). Berkshire Hathaway has responded in opposition to Allen's Motion to Reconsider (ECF 45) and has moved to strike his Cease and Desist Motion. ECF 46 ("Motion to Strike"). Plaintiff has not responded to the Motion to Strike, *see* docket, and the time to do so has expired.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny plaintiff's motions (ECF 42; ECF 43) and defendant's motions (ECF 38; ECF 46).

## I.     Motion to Reconsider

In the Motion to Reconsider, plaintiff argues that the Court erred in dismissing Berkshire Hathaway as a party "because of the false statements submitted by the defendant's legal representative." ECF 42. In particular, Allen contends that Berkshire Hathaway has a corporate presence in Maryland because it has real estate offices around the State. *Id.* Moreover, he argues that Berkshire Hathaway is the "end receiver and beneficiary" of CORT and therefore it has a "legal responsibility to oversee and insure" that CORT operates in a "legal manner." *Id.*

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment." A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015). As noted, Allen filed the Motion to Reconsider on August 18, 2020, *i.e.*, 47 days after Berkshire Hathaway was dismissed from the suit. Therefore, his filing was untimely under Rule 59(e). Accordingly, it shall be construed as a motion under Rule 60(b).

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. As noted, it permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg*, 486 U.S. at 863 (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed

litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(c) governs the timing for filing of a Rule 60 motion. As to reasons 1, 2, and 3, the motion must be filed within a year after entry of judgment. Otherwise, such a motion must be made "within a reasonable time. . . ."

"[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const.*

*Co.*, 57 F.3d 395, 401 (4th Cir. 1995).  In *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962), the court stated: "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.  The fact that a judgment is erroneous does not constitute a ground for relief under that Rule."

As I see it, Allen provides no grounds for relief, under either Rule 59(e) or Rule 60(b). Plaintiff does not point to any intervening changes in the law that require the Court to revisit its prior rulings.  Nor does he contend that there is new evidence that warrants reconsideration. Instead, plaintiff strenuously argues that Berkshire Hathaway's lawyers lied as to its presence and that "Berkshire Hathaway has a legal responsibility to oversee and insure that Cort Business Services Corporation operate[s] in a legal manner."  ECF 42.

As indicated in the Court's Memorandum Opinion, Berkshire Hathaway's relationship to CORT is insufficient to establish personal jurisdiction over Berkshire Hathaway in connection with this dispute.  ECF 34 at 20-21.  And, the evidence that plaintiff has provided does not undermine my previous conclusions.  Berkshire Hathaway was properly dismissed.  Accordingly, I shall deny plaintiff's Motion to Reconsider (ECF  42).

## II.      Cease and Desist

In the Cease and Desist Motion, plaintiff repeats his argument that Berkshire Hathaway's dismissal is based on false information.  ECF 43.  Plaintiff asserts that Berkshire Hathaway should immediately cease and desist from any further real estate activity in Maryland, including the proposed merger between Berkshire Hathaway and Dominion Energy Corp., pending the outcome of this legal action.  *Id.*  And, he contends that Berkshire Hathaway should be required to "show cause as to why they should not" cease and desist.  *Id.*  Because plaintiff's suit as to Berkshire

Hathaway has been dismissed, plaintiff's Cease and Desist Motion (ECF 43) is denied, as moot. And, I shall deny the Motion to Strike (ECF 46), as moot.

### III.     Motion to Dismiss

Despite plaintiff's three filings of August 18, 2020, the Motion to Dismiss (ECF 38) is still pending before this Court and plaintiff has not corrected his failure to name the proper party and effect service of process on the defendant.  Because of plaintiff's self-represented status, I will grant him one final opportunity to cure this deficiency.

Accordingly, I shall deny ECF 38, without prejudice to defendant's right to renew the Motion to Dismiss.  And, plaintiff is directed to seek a new summons naming the proper defendant and to effect service within 30 days of the date of the Order that follows.

Date: October 20, 2020                               /s/
                                        Ellen L. Hollander
                                        United States District Judge