IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ALLEN,
   *Plaintiff*,

v.

CORT TRADE SHOW
FURNISHINGS, *et al.*,
   *Defendants*.

Civil Action No. ELH-19-2859

**MEMORANDUM**

This Memorandum resolves the third motion to dismiss brought by Cort Trade Show Furnishings ("CORT")[1], arising from an employment discrimination action initiated by John Allen, the self-represented plaintiff, on September 30, 2019. Allen initially filed suit against CORT and One Stop Staffing Inc. ECF 1 (the "Complaint"). Then, on November 4, 2019, Allen amended his Complaint to add Berkshire Hathaway Inc. ("Berkshire Hathaway") as a defendant. ECF 8 (the "Amended Complaint").

Allen alleged that, by failing to promote him and by terminating him, defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* ECF 1 at 4-5. He also alleged that he was subjected to unlawful retaliation. *Id.* at 5.

---

[1] The docket reflects that Allen sued "Cort Trade Show Furnishings." But, Allen also refers to the defendant as "Cort Trade Show Furniture" and "Cort Business Services." *See*, *e.g.*, ECF 1 at 1, 3; ECF 4 at 1; ECF 5 at 2; ECF 10 at 1. Defendant identifies itself as "CORT Business Services Corporation." *See* ECF 12; ECF 12-1.

One Stop Staffing, LLC ("One Stop") answered the Complaint. ECF 27. [2] The other defendants moved to dismiss. ECF 12; ECF 21. Of relevance here, CORT moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party. ECF 12. Berkshire Hathaway moved to dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(6), asserting lack of personal jurisdiction, improper venue, and failure to state a claim. ECF 21. As discussed, *infra*, by Memorandum Opinion and Order of July 2, 2020 (ECF 34; ECF 35), I denied CORT's motion to dismiss (ECF 12) but directed plaintiff to effect service on CORT within 30 days of the Order. However, I granted Berkshire Hathaway's motion (ECF 21) and dismissed the suit as to Berkshire Hathaway. *See* ECF 35.

On August 3, 2020, CORT moved to dismiss again, pursuant to Fed. R. Civ. P 12(b)(4) and 12(b)(5), because plaintiff had not corrected his failure to name the proper party and effect service on CORT. ECF 38. By Memorandum and Order of October 20, 2020 (ECF 47; ECF 48), I denied CORT's motion to dismiss, without prejudice to defendant's right to renew the motion to dismiss. Because of plaintiff's self-represented status, I granted him another opportunity to seek a new summons naming the proper defendant and to effect service within 30 days of the Order.

The docket does not reflect service of process on CORT pursuant to the orders of July 2 and October 20, 2020. *See* Docket.

CORT has again moved to dismiss, pursuant to Fed. R. Civ. P 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party. ECF 51 (the "Motion"). Plaintiff opposes the Motion. ECF 55. And, CORT has replied. ECF 56.

---

[2] As indicated, plaintiff sued One Stop Staffing Inc., but defendant has identified itself as One Stop Staffing, LLC. *See* ECF 27. The Clerk shall correct the name.

2

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.     Discussion[3]

As noted, CORT has moved to dismiss under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process." Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004, Supp. 2016). And, pro se litigants must adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113, (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam); *Danik v. Hous. Auth. of Balt. City*, 396 F. App'x 15, 16–17 (4th Cir. 2010) (per curiam).

Service of process is a prerequisite for litigating in federal court; in its absence, a court simply lacks personal jurisdiction over the defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019). Consequently, under Fed. R. Civ. P. 12(b)(5), a defendant may seek dismissal of the suit for "insufficiency of service of process." *See Archie v. Booker*, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

---

[3] I incorporate here by reference all relevant background information as contained in my Memorandum Opinion of July 2, 2020. ECF 34.

Rule 4 of the Federal Rules of Civil Procedure governs service of process. "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Thus, Allen bears the burden of showing that service has been properly effected. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam).

Rule 4(a) specifies the content of a summons. Among other things, it "must . . . (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(c)(1) mandates that a "summons must be served with a copy of the complaint." *See Danik v. Hous. Auth. of Baltimore City*, 396 Fed. App'x 15, 16 (4th Cir. 2010) ("The federal rules require that a defendant be served with the complete pleading and a copy of the summons."). And, "[t]he plaintiff is responsible" for service within the time provided by Rule 4(m). *Id.*

Under Rule 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m) provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In the context of Rule 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). This occurs "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.*

Several district judges in the Fourth Circuit have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause. *See, e.g., Escalante v. Tobar Constr.*, PX-18-980, 2019 WL 109369, at *1 n.1 (D. Md. Jan. 3, 2019); *Lehner v. CVS Pharmacy*, RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17,

2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005). Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3. Notably, courts in this district have concluded that dismissal is appropriate where the Court reminds the plaintiff of his obligation under Rule 4, and he nonetheless fails to effect service of process. *See, e.g., Combs v. Shapiro & Burson LLP*, GJH-15-846, 2016 WL 1064459, at *4 (D. Md. Mar. 14, 2016); *McGinley v. Cent. Mortg. Co.*, TDC-14-3280, 2015 WL 5052762, at *2 (D. Md. Aug. 25, 2015).

As indicated, plaintiff filed his Complaint on September 4, 2019. ECF 1. Therefore, pursuant to Rule 4(m), Allen was required to serve CORT by December 3, 2019. By Memorandum Opinion of July 2, 2020, I found that Allen served process on a non-existent defendant, but at the proper address for CORT's registered agent in Maryland. ECF 34 at 13-14. Further, I explained that because Allen is proceeding pro se, and because CORT received actual notice of Allen's suit, I would construe Rule 4 liberally. Thus, I declined to dismiss the Complaint on that basis. But, I noted, "the plain requirements for the means of effecting service may not be ignored." *O'Meara*, 464 F. Supp. 2d at 476. Accordingly, I directed plaintiff to seek a new summons naming the proper defendant and effect service within 30 days of the Order.

By Memorandum of October 20, 2020 (ECF 47), I determined that the docket still did not reflect service of process on CORT, pursuant to the Order of July 2, 2020. *Id.* at 2. But, because of plaintiff's self-represented status, I granted him another opportunity to cure this deficiency. *Id.*

5

at 7. And, by Order of the same date (ECF 48), I directed plaintiff to seek a new summons naming the proper defendant and to effect service within 30 days of the Order. *Id.*

On November 19, 2020, plaintiff submitted a certificate of service of the "Order, Response, Exhibits, and Memorandum" to CORT. ECF 50. But, to date, plaintiff has not provided any evidence or indication that he served CORT with the Complaint or a summons, signed by the Clerk and bearing the Court's seal, in accordance with and as required by Rule 4. *See* Docket.

In his Opposition, plaintiff does not contend that "good cause" exists to excuse his failure to serve CORT. Rather, plaintiff posits that he has "served [CORT] repeatedly utilizing the services of denove [sic] legal services and return[ed] proper docum[e]ntation back to the district court three seperate [sic] times with proof of service return of service." ECF 55 at 1. Further, he asserts: "As far as I am concered [sic] these defendants have been properly served…and I would express the sebtiment [sic] that these defendants refusal [sic] to accpept [sic] service of process…speaks volumes about their whole attitude to the dignity of the court and to the integrity of the the [sic] legal system that they profess to be a part of." *Id.* at 1-2.

Plaintiff's argument is unavailing. The orders of July 2, 2020 and October 20, 2020, included clear instructions to plaintiff to obtain new summons and effect service on CORT. Plaintiff failed to heed those directions. On these facts, I cannot justify another extension to effect service.

Accordingly, as to CORT, I shall dismiss the Complaint, without prejudice, for failure to serve process in accordance with Fed. R. Civ. P. 4(m) and Local Rule 103.8. *See Attkisson*, 925 F.3d at 628 (noting that dismissal under Rule 4(m) "must be without prejudice"). But, plaintiff's claim against One Stop may proceed.

## II.     Conclusion

For the foregoing reasons, I shall grant the Motion (ECF 51).  An Order follows, consistent with this Memorandum.

Date: April 8, 2021                                                      /s/
                                                                  Ellen L. Hollander
                                                                  United States District Judge