IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. ALLEN | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Case No. 1:19-CV-02859-ELH |
| ONE STOP STAFFING, LLC | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

Defendant filed a Motion for Sanctions under Federal Rule of Civil Procedure Rule 37(d) on August 16, 2021, requesting the Court enter a default judgment against the Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A).  (ECF No. 69).  On August 17, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this motion to me.  (ECF No. 70). Plaintiff has not filed a Response, and the time to do so has now passed.  Loc. R. 105.2(a).  Due to Defendant's dispositive request, and Plaintiff's lack of response, my opinion is formatted as a Report and Recommendation. I find that no hearing is necessary.  *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons set forth below, I respectfully recommend that Defendant's Motion for Sanctions be GRANTED in part and DENIED in part, and the Court issue an Order directing Plaintiff to comply with discovery guidelines.

## I.      FACTUAL AND PROCEDURAL HISTORY

*Pro se* Plaintiff commenced this employment discrimination action against multiple Defendants on September 30, 2019.  (Complaint, ECF No. 1).[1]  Plaintiff was employed as a truck driver until his termination in June 2019, to which Plaintiff alleges that Defendant's client, a furniture company, discharged Plaintiff on account of his race, age, and retaliation.  (Complaint, ECF No. 1, Ex. 2 at 3).  More specifically, Plaintiff contends that he was terminated from his employment out of retaliation because he submitted complaints to Immigration and Customs Enforcement (ICE) alleging that the furniture company employed "undocumented labor." (Complaint, ECF No. 1, Ex. 1 at 6).  Defendant denies employing Plaintiff, stating that Defendant "did not make any decisions regarding [Plaintiff's] employment with" the furniture company. (Answer, ECF No. 27).  Judge Hollander issued a Scheduling Order requesting a joint status report by May 20, 2021, and a discovery deadline of September 20, 2021.  (ECF No. 65).  Defendant submitted an individual status report on May 11, 2021, indicating that Plaintiff's telephone number was no longer in operation.  (ECF No. 66).

Defendant filed the instant Motion for Sanctions on August 16, 2021, notifying the Court that Plaintiff had not submitted his answers to interrogatories.  (ECF No. 69).  On September 2, 2021, this Court issued a letter to Plaintiff alerting him that his time to respond to Defendant's present motion was past due.  (ECF No. 71).  Given Plaintiff's *pro se* status and lack of e-mail on the docket for instant communication, this Court extended Plaintiff's deadline to respond to this Motion for Sanctions until September 13, 2021.  *Id.*  Defendant filed its own status report again on September 16, 2021, indicating "it has proven impossible to contact the Plaintiff."  (ECF No. 72).  Defendant argues that it cannot "proceed without information about the nature of the

---

[1] Cort Trade Show Furnishings and Berkshire Hathaway have since been terminated from the suit.  (ECF Nos. 35 & 61).  One Stop Staffing is the only remaining Defendant.

allegation of this case" and that default judgment is proper because of the "complete inattention of the Plaintiff to conducting the case." In its request for sanctions, Defendant seeks attorney fees in the amount of $400.  (ECF No. 69).

## II.   LEGAL ANALYSIS

### A.   Federal Rule of Civil Procedure Rule 37 Sanctions

The Court may impose sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii).  Rule 37 enumerates a variety of sanctions that "may include":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii); (d)(3).

Rule 37 vests a court with broad discretion when deciding to impose sanctions.  *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  However, such broad discretion is constrained where the proposed sanction "is judgment by default."  *Id.*  In such cases, "the district court's 'range of discretion' is more narrow because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court."  *Id.*  (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)).  To weigh these competing interests, courts in the

Fourth Circuit apply a four-factored test set out in in *Wilson*, which includes: "(1) whether the non-complying party acted in bad faith, (2) the amount or prejudice his noncompliance caused his adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) the effectiveness of less drastic sanction." *Id.* (quoting *Wilson*, 561 F.2d at 503–06). Weighing of these factors ensures "that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Id.* (citation omitted).  The court also "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(d)(3). Applying these factors to the present case, it is clear that some sanction is warranted.  The factors are discussed immediately below.

### a.  Bad Faith

The first factor weighs in favor of sanctions because Plaintiff has not meaningfully participated in the case since the previous Defendants were terminated.  This Court has found bad faith where a Plaintiff has "repeatedly refused to participate in a lawsuit." *Doggett v. City of Hyattsville, Md.*, No. CIV.A. TDC-13-3889, 2014 WL 6471748, at \*3 (D. Md. Nov. 17, 2014). *See McFeeley v. Jackson Street Entertainment*, LLC, DKC–12–1019, 2014 WL4182231 at \*2 (D.Md. Aug. 19, 2014) ("[Plaintiff's] complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith); *Vien v. Walker*, PJM–12–1796, 2014 WL 900803 at \*2 (D.Md. Mar. 5, 2014) (finding bad faith where plaintiff failed to respond to repeated requests for interrogatories and production of documents and did not appear at a hearing on a motion for sanctions); *Hughley v. Leggett*, DKC–11–3100, 2013 WL 3353746 at \*2 (D.Md. July 2, 2013) (finding bad faith where a plaintiff failed to respond to discovery requests "despite the

defendant's effort to contact him," and continued not to respond even after "the defendant moved to dismiss and the clerk issued a Rule 12/56 letter").

Plaintiff has not filed anything on the docket since December 21, 2020.  *See* ECF No. 55. Plaintiff has failed to abide by the Scheduling Order (ECF No. 65), has not responded to interrogatories with a September 20, 2021 discovery deadline, and did not heed this Court's generous alert and extension to file an answer to Defendant's pending Motion for Sanctions.  (ECF No. 69).  Defendant has notified the Court of Plaintiff's general absence on multiple occasions. (ECF Nos. 66, 69, 72).  Because Plaintiff has failed to meaningfully participate in his case, amounting to bad faith, this factor weighs in favor of imposing sanctions.

> b. *Prejudice*

Plaintiff's failure to participate in the case has clearly prejudiced Defendant.  There has been no discovery as a result of Plaintiff's unresponsiveness, and "it cannot be disputed that [p]laintiff's failure to answer even a single interrogatory precludes [d]efendant from preparing a defense."  *Robertson v. Deco Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010).  "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Adams v. Md. Mgmt. Co.*, No. WDQ-11-2408, 2013 WL 142074, at *2 (D. Md. Jan. 10, 2013). Without such information "as a result of a plaintiff's lack of participation," where there is no discovery, and "the amount of prejudice to a defendant is substantial." *Doggett*, 2014 WL 6471748, at *3. Because interrogatories have not been answered, effectively halting discovery, Defendant has been substantially prejudiced.

### c. Deterrence

Certainly, the Court aims to deter blatant inaction. "There is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery." *Doggett*, 2014 WL 6471748, at *4 (citing *Hughley v. Leggett*, DKC–11–3100, 2013 WL 3353746 at *3 (D.Md. July 2, 2013) ("Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct.")). Here, Plaintiff's lack of participation in the discovery phase has completely influenced the case's posture. Defendant is unable to properly prepare, and the Court is left to interpret the case merely with a Complaint. This factor clearly weighs in favor of imposing sanctions.

### d. Less Drastic Sanctions

Plaintiff "has brought the case to a halt through a failure to participate in discovery." *Ferguson v. Prince George's Cnty., Md.*, No. TDC-14-3613, 2018 WL 1169083, at *4 (D. Md. Mar. 6, 2018). Because plaintiff has not produced any discovery, allowing the case to proceed could be "pointless" as Plaintiff "would be prevented from introducing...evidence at trial." *Williams v. Montgomery Cnty., Md.*, No. PX-16-3204, 2018 WL 2087396, at *4 (D. Md. May 4, 2018). However, the Fourth Circuit "has emphasized the significance of warning a [party] about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Although not a requirement, "giving notice is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction. *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225 (4th Cir.), cert. denied, 139 S. Ct. 2762, 204 L. Ed. 2d 1137 (2019).

After consideration of the *Wilson* factors, I recommend that Defendant's Motion for Sanctions and attorneys' fees be granted in part.  However, because default judgment is an extremely harsh result and Plaintiff is *pro se*, less drastic sanctions are more appropriate at present. Accordingly, I recommend that Plaintiff be ordered to provide to Defendant complete discovery responses within ten (10) days of Judge Hollander's Order adopting this Report and Recommendation (should Judge Hollander choose to do so), and further directing Defendant to file a status report with the Court advising whether Plaintiff has complied.  Should Plaintiff fail to comply, it will be my further recommendation that default judgment against Plaintiff then be entered by Judge Hollander as an appropriate discovery sanction.  This less drastic sanction not only gives Plaintiff the responsibility of advancing his own case, but it also affords Defendant a realistic timeline upon which to renew its argument for default judgment.  This will also satisfy the Fourth Circuit's clear notice directive regarding *pro se* parties.

Alternatively, given that the discovery deadline has already passed, should Plaintiff fully comply and provide the requested discovery as ordered, I recommend that, at Defendant's sole discretion, discovery be re-opened on a limited basis to allow Defendant to conduct any reasonable additional discovery it requires in advance of dispositive motions practice and/or trial.  Plaintiff, however, having completely failed to participate in discovery during the discovery period, will be denied any further discovery during this limited extension.

### B.    Attorney's Fees

Finally, Defendant seeks the payment of costs and reasonable attorney's fees.  Federal Rule 37(d) mandates such unless "the failure was substantially justified or other circumstances make an award of expenses unjust."   As discussed, Plaintiff's inaction is not substantially justified. Accordingly, should this Report and Recommendation be adopted, Defendant is to submit a bill

of costs and attorney's fees within fourteen (14) days from the date of Judge Hollander's Order of adoption. Within fourteen (14) days thereafter, Plaintiff may file a response, which shall be limited to: (1) objecting to the reasonableness of Defendant's expenses, and/or (2) providing a factual basis on which the Court may find that the imposition of such expenses on Plaintiff would be unfair. *See, e.g.*, *Franklin*, 2016 WL 3653966, at *5; *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 2013 WL 3863935, at *5 (D. Md. July 23, 2013).

## III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order GRANTING in part and DENYING in part Defendant's Motion for Sanctions (ECF No. 69), GRANTING attorneys' fees, and issue an Order directing Plaintiff to comply with discovery.  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV.    NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

September 21, 2021                                        /s/
Date                                                            J. Mark Coulson
                                                                United States Magistrate Judge