IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ALLEN,
    *Plaintiff*,

v.                                            Civil Action No. ELH-19-2859

ONE STOP STAFFING, LLC,
    *Defendant*.

**MEMORANDUM**

This Memorandum resolves a Motion for Default Judgment (ECF 77, the "Motion") filed by defendant One Stop Staffing, LLC. ("One Stop"). The Motion is rooted in an employment discrimination action initiated by John Allen, the self-represented plaintiff. ECF 1 (the "Complaint"). One Stop has moved for default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on the ground that Allen has repeatedly failed to answer interrogatories propounded by defendant. *See* ECF 69; ECF 77.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion, considered as a motion for dismissal with prejudice, and dismiss the case.

**I. Procedural History**

Allen filed suit against One Stop[1] and Cort Trade Show Furnishings ("CORT")[2] on September 30, 2019. ECF 1. Then, on November 4, 2019, Allen amended his Complaint to add

---

[1] Plaintiff sued One Stop Staffing Inc. However, One Stop has identified itself as One Stop Staffing, LLC. *See* ECF 27. Therefore, I ordered the Clerk to correct the name. ECF 61.

[2] Initially, Allen also sued "Cort Trade Show Furnishings." ECF 1. Allen also referred to that defendant as "Cort Trade Show Furniture" and "Cort Business Services." *See*, *e.g.*, ECF 1 at

Berkshire Hathaway Inc. ("Berkshire Hathaway") as a defendant.  ECF 8 (the "Amended Complaint").

Allen alleges that, by failing to promote him and by terminating him, defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* ECF 1 at 4-5.  He also alleges that he was subjected to unlawful retaliation.  *Id.* at 5.

One Stop answered the Complaint on January 22, 2020.  ECF 27.  The other defendants moved to dismiss.  ECF 12; ECF 21.  In particular, on November 13, 2019, CORT moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party.  ECF 12.  And, on December 12, 2019, Berkshire Hathaway moved to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6), asserting lack of personal jurisdiction, improper venue, and failure to state a claim.  ECF 21.  By Memorandum Opinion and Order of July 2, 2020 (ECF 34; ECF 35), I denied CORT's motion to dismiss (ECF 12) but directed plaintiff to effect service on CORT within 30 days of the Order.  However, I granted Berkshire Hathaway's motion (ECF 21) and dismissed the suit as to Berkshire Hathaway.  *See* ECF 35.

On August 3, 2020, CORT moved to dismiss again, pursuant to Fed. R. Civ. P 12(b)(4) and 12(b)(5), because plaintiff had not corrected his failure to name the proper party and had not effected service on CORT.  ECF 38.  By Memorandum and Order of October 20, 2020 (ECF 47; ECF 48), I denied CORT's motion to dismiss, without prejudice to defendant's right to renew the motion to dismiss.  Because of plaintiff's self-represented status, I granted him another opportunity

---

1, 3; ECF 4 at 1; ECF 5 at 2; ECF 10 at 1. Cort identified itself as "CORT Business Services Corporation." *See* ECF 12; ECF 12-1.

to seek a new summons naming the proper defendant and to effect service within 30 days of the Order.

Then, on November 20, 2020, CORT moved a third time to dismiss, pursuant to Fed. R. Civ. P 12(b)(4) and 12(b)(5), asserting insufficient service of process and failure to name the proper party. ECF 51. By Memorandum and Order of April 8, 2021, I granted CORT's motion to dismiss, without prejudice, finding no justification to further extend the time for service. ECF 60; ECF 61.

Following the disposition of the motions to dismiss, One Stop was left as the sole remaining defendant in this case. Given that One Stop had answered the Complaint, I issued a Scheduling Order on April 27, 2021. ECF 65. The Scheduling Order ordered the parties to submit an initial status report by May 20, 2021, regarding various issues. *Id*. It also provided a discovery completion date of September 20, 2021, along with a status report due by that date. *Id*. at 3-4.

One Stop submitted a status report on May 12, 2012. ECF 66. The status report indicated that, when counsel for One Stop attempted to contact plaintiff via telephone regarding the issues that were to be the subject of the status report, he "learned that [Allen's] telephone number included in these proceedings was no longer in operation." *Id*. ¶ 2. The status report stated that there could therefore be no mutual agreement on the relevant issues. *Id*. ¶ 3. The status report included a Certificate of Service reflecting the report had been sent via first class mail to the address on file for Allen. *Id*. at 2.

On August 16, 2021, One Stop filed a "Motion for Sanctions for Plaintiff's Failure to Answer Interrogatories," pursuant to Fed. R. Civ. P. 37(d). ECF 69 (the "Motion for Sanctions"). The Motion for Sanctions recounted that on May 12, 2021, One Stop propounded interrogatories to Allen. *Id*. ¶ 2. Having received no response, One Stop mailed letters to Allen on June 15, 2021,

and July 21, 2021, noting that answers to the Interrogatories were overdue. *Id.* ¶ 3. However, One Stop never received any response from Allen. Therefore, One Stop moved for default judgment against Allen as well as attorney's fees in the amount of $400. *Id.* ¶¶ 11, 12. The Motion for Sanctions also included a Certificate of Service reflecting that it was sent via first class mail to Allen's address. *Id.* at 3.

By Order of August 17, 2021, I referred the Motion for Sanctions to Magistrate Judge Coulson. ECF 70. By letter of September 2, 2021, Judge Coulson noted that Allen's response to the Motion for Sanctions was past due, and granted Allen until September 13, 2021, to file a response. ECF 71. The Clerk was directed to mail the letter to Allen's address. *Id.* No response was ever received from Allen. And, in compliance with the Court's Scheduling Order, One Stop submitted a status report on September 16, 2021, reiterating the complete lack of contact from Allen. ECF 72.

Judge Coulson submitted a Report and Recommendation as to the Motion for Sanctions on September 21, 2021. ECF 73 (the "Report"). Judge Coulson recommended that the Motion for Sanctions be granted in part and denied in part. *Id.* In particular, Judge Coulson recommended that the Court order Allen to provide One Stop with complete discovery responses within ten days of the Court's adoption of the Report. *Id.* at 7. If Allen failed to comply, Judge Coulson recommended the entry of default judgment. *Id.*

In response to One Stop's request for attorney's fees, Judge Coulson recommended an instruction to One Stop to submit a bill of costs and attorney's fees within fourteen days of the Court's adoption of the Report. *Id.* at 7-8. Within fourteen days of One Stop submitting this bill of costs, Allen would be permitted to respond, limited to: (1) objecting to the reasonableness of

4

One Stop's expenses, and/or (2) providing a factual basis on which the Court may find that the imposition of such expenses on plaintiff would be unfair. *Id*. at 8.

As to a Report and Recommendation, the parties are provided with a fourteen-day period to lodge objections, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b). No objections were filed here. *See* Docket. Therefore, I issued an Order on October 13, 2021, adopting the Report, but with one minor change, favorable to Allen: I gave him fourteen days, instead of the ten days proposed by Judge Coulson, to provide complete discovery responses. ECF 74. The Clerk was directed to mail a copy of the Order to Allen. *Id*. ¶ 7.

On October 29, 2021, One Stop submitted a status report indicating that Allen had not answered defendant's Interrogatories or otherwise complied with the Court's Order. ECF 76. The same day, One Stop renewed its Motion for Sanctions, asking the Court to enter default judgment against Allen. ECF 77. In addition, on October 20, 2021, One Stop filed a bill of costs and attorney's fees, reporting that it had incurred $300 in itemized costs and fees related to Allen's lack of participation in the case, and asking the Court to "impose these expenses to the Plaintiff." ECF 75 (the "Bill of Costs"). As before, all three of One Stop's submissions included certificates of service reflecting that the report had been sent via first class mail to Allen's address. ECF 75 at 2; ECF 76 at 2; ECF 77 at 2. And, the period for Allen to object to One Stop's Bill of Costs, pursuant to the Court's Order (ECF 74), as well as the period for Allen to respond to the Motion, have both expired, without a response. *See* Docket.

## II. Discussion

Pursuant to Fed. R. Civ. P. 37, a court may impose sanctions "if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses." Fed. R. Civ. P. 37(d)(1)(A)(ii). In addition, a court

5

may impose sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).

Possible sanctions in both contexts are listed in Fed. R. Civ. P. 37(b)(2)(A). The choice of sanctions is within the court's discretion, and may include "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against a disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v), (vi). In addition, "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); accord Fed. R. Civ. P. 37(b)(2)(C).

As noted, One Stop has asked for default judgment. *See* ECF 77. However, cases from this District reflect that the proper sanction against a non-participating plaintiff is typically dismissal with prejudice, rather than default judgment. *See Hughley v. Leggett*, DKC–11–3100, 2013 WL 3353746 at *2 (D. Md. July 2, 2013) ("Where . . . a plaintiff brings suit and then utterly fails to participate in discovery or otherwise respond, courts have found dismissal to be an appropriate sanction."); *see also, e.g.*, *Doggett v. City of Hyattsville, Md.*, TDC-13-3889, 2014 WL 6471748, at *1 (D. Md. Nov. 17, 2014); *Trung Vien v. Walker*, PJM-12-1796, 2014 WL 900803, at *1 (D. Md. Mar. 5, 2014); *Adams v. Md. Mgmt. Co.*, WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013); *Robertson v. Deco Sec., Inc.*, WDQ-09-3093, 2010 WL 3781951, at *1 (D. Md. Sept. 22, 2010).

The difference is largely one of semantics, with the same end result. Whether characterized as a default judgment against plaintiff or a dismissal of the case, the bottom line is that the case would come to an end.

Before imposing a sanction under Rule 37(b) or (d), including dismissal or default judgment, the court must apply a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (citation omitted); *see also Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-06 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, (1978).

"When the sanction involved is judgment by default, the district court's 'range of discretion is more narrow' because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (quoting *Wilson*, 561 F.2d at 503-04). The same principle applies to dismissal with prejudice. The Fourth Circuit has said: "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted). Therefore, only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

An evaluation of the four-factor test discussed above makes clear that this is the extreme case where dismissal is warranted under Rule 37. Allen is the one who filed suit. Yet, he has flagrantly refused to participate in discovery, despite repeated requests and a Court order.

The first factor concerns whether Allen, as the non-complying party, "acted in bad faith." *Belk*, 269 F.3d at 348.  Allen has not participated in this case since December 21, 2020.  *See* ECF 55.  He has not answered One Stop's Interrogatories, even after One Stop sent him two letters reminding him of his obligation to do so.  *See* ECF 69 at 4-5.  Nor has he responded when the Court directed him to do so.  *See* ECF 74.  Moreover, he did not respond to One Stop's Motion for Sanctions (ECF 69), even though Judge Coulson gave him time to do so.  ECF 71.  And, he has not filed anything in response to Judge Coulson's Report, One Stop's Bill of Costs, or One Stop's Motion for Default.  *See* Docket.

This Court has found bad faith when, as here, a litigant "repeatedly refused to participate in a lawsuit that he himself initiated." *Doggett*, 2014 WL 6471748, at *3. *See, e.g., McFeeley v. Jackson Street Entertainment, LLC*, DKC–12–1019, 2014 WL4182231, at *2 (D. Md. Aug. 19, 2014) ("[Plaintiff's] complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith"); *Walker*, 2014 WL 900803, at *2 (finding bad faith where plaintiff failed to respond to repeated requests for interrogatories and production of documents and did not appear at a hearing on a motion for sanctions); *Hughley*, 2013 WL 3353746, at *2 (finding bad faith where a plaintiff failed to respond to discovery requests "despite the defendant's effort to contact him," and continued not to respond even after "the defendant moved to dismiss and the clerk issued a Rule 12/56 letter").

To be sure, plaintiff is self-represented.  But, self-represented litigants "as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).  Indeed, a litigant's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure.  *See Dancy v. Univ. of N.C. at Charlotte*, No. 3:08–CV–166–RJC–DCK, 2009

WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009).  Allen's steadfast failure to comply with his obligations concerning discovery supports a finding of bad faith, not inadvertence.

The second factor concerns "the amount of prejudice that noncompliance caused" One Stop.  *Belk*, 269 F.3d at 348.  It is clear that Allen's blatant refusal to respond to discovery has been prejudicial to One Stop.  Plaintiff filed suit against One Stop.  To be sued in federal court is serious business.  The defendant is entitled to pursue discovery to ascertain whether there is merit to the claims.

"'The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available.'"  *Adams*, 2013 WL 142074, at *2 (citation omitted).  "[I]t cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense."  *Robertson*, 2010 WL 3781951, at *5.  "When, as a result of a plaintiff's lack of participation, there has been little to no discovery in a case, the amount of prejudice to a defendant is substantial. . . . Without any discovery, Defendants have no means adequately to prepare their case, a situation that puts them at a distinct and prejudicial disadvantage."  *Doggett*, 2014 WL 6471748, at *3.

The third factor relates to the need for deterrence.  *Belk*, 269 F.3d at 348.  "There is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery."  *Doggett*, 2014 WL 6471748, at *4; *see Hughley*, 2013 WL 3353746 at *3 ("Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct.").  A litigant who initiates suit and then refuses to engage in discovery or otherwise participate in the litigation is abusing the process.

The fourth factor, "whether less drastic sanctions would have been effective," *Belk*, 269 F.3d at 348, also counsels in favor of default judgment as this juncture. Judge Coulson's Report noted the importance of giving a party notice prior to awarding default judgment. ECF 73 at 6-7. Accordingly, rather than immediately entering default judgment, as requested by One Stop, the Court granted Allen one further opportunity to comply with his discovery obligations, while explicitly noting that if Allen did not do so, One Stop could renew its motion for default judgment. *See* ECF 74. Nevertheless, Allen still did not comply. In addition, Allen has failed to present any objection or response to the Motion for Sanctions, Judge Coulson's Report, or the Motion.

It is clear at this point that Allen has abandoned his case. "In cases where a plaintiff has been completely unresponsive in discovery, this court has found that any sanctions less drastic than dismissal of the case would be ineffective. . . . In fact, in situations such as this one, where one party has brought the case to a hal[t] through a failure to participate in discovery, the other relevant sanctions available under Rule 37 are a poor fit because their effectiveness depends on the lawsuit moving forward." *Doggett*, 2014 WL 6471748, at *4 (internal citations omitted); *see also McFeeley*, 2014 WL 4182231 at *2 ("[Plaintiff] has failed to respond to the granting of her own counsel's motion to withdraw as counsel or to the letter sent by the court, [therefore] it is clear that her behavior would not be altered by less drastic sanctions [than dismissal]").

Accordingly, I am satisfied that it is appropriate under the Rule 37 four-factor test to construe the Motion as a motion to dismiss, with prejudice, and to grant it.

## IV. Bill of Costs

As noted, "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); accord Fed. R. Civ. P. 37(b)(2)(C).

One Stop's Motion for Sanctions requested $400 in attorney's fees. ECF 69, ¶ 11. Judge Coulson's Report, which I adopted, found that Allen's inaction was not substantially justified. ECF 73 at 7-8. Accordingly, Judge Coulson's Report, as adopted, ordered One Stop to submit a bill of costs and attorney's fees within fourteen days. *Id.* Allen was given fourteen days to respond, limited to: (1) objecting to the reasonableness of One Stop's expenses, and/or (2) providing a factual basis on which the Court may find that the imposition of such expenses on plaintiff would be unfair. *Id.* at 8.

One Stop timely submitted an itemized Bill of Costs for $300 in costs and legal fees related to Allen's failure to participate. ECF 75. For each item, the Bill of Costs includes a brief description of the work performed, the date, and attorney's fees. *Id.* Allen has not filed a response.

"In determining the reasonableness of a fee award in the sanctions context, the Court is to be guided by its independent review of time records setting forth the services required, and the rates charged for said services to insure they conform to the typical rates found in the relevant legal community." *Barnes v. NCC Business Services, LLC*, PJM-18-1473, 2019 WL 4141012, at *2 (D. Md. Aug. 30, 2019) (Day, M.J.). For the latter, the Court can rely upon its "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases" (the "Guidelines"), contained in Appendix B of the Local Rules. *Barnes*, 2019 WL 4141012, at *2. "Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate. '[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of

11

the challenge.'" *Id*. (quoting *Thompson v. U.S. Dept. of Hous. and Urban Dev*., MJG-95-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002)) (alteration in *Barnes*).

Here, the Bill of Costs does not include certain items expected under Local Rule 109.2(b), including "a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, [and] the customary fee for like work prevailing in the attorney's community." However in One Stop's Motion for Sanctions, defendant provided the hourly rate for defendant's counsel as $250, which permits fractions of hours to be determined based on the dollar figures provided in the Bill of Costs. ECF 69, ¶ 11. And, as counsel for defendant has been a member of the Maryland bar since 1985, the $250 rate is well within the Guidelines range, which provides for an hourly rate of between $300 and $475 for lawyers admitted to the bar for twenty years or more.[3]

The expenses in the Bill of Costs are modest and appear entirely reasonable. And, as noted, Allen has not challenged them. Therefore, I shall grant One Stop's request and order Allen to pay One Stop the sum of $300 in costs and fees.

## V. Conclusion

For the foregoing reasons, I shall grant One Stop's Motion, considered as a motion for dismissal with prejudice, and order Allen to pay One Stop $300 in costs and fees.

An Order follows, consistent with this Memorandum.


Date: November 19, 2021                                   /s/
                                                Ellen L. Hollander
                                                United States District Judge

---

[3] *See Maryland Attorney Listing*, MD. COURTS, https://mdcourts.gov/lawyers/attylist (last visited Nov. 19, 2021). I may take judicial notice of this public record. *See* Fed. R. Evid. 201.